UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
SVETLANA SHKOLNIKOVA,

                Plaintiff,

- against -

MEGAN J. BRENNAN, POSTMASTER GENERAL,
and ADELA LIVINGSTON, *Individually,*

                Defendants.
----------------------------------------------------------------------X

Case No.

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff, SVETLANA SHKOLNIKOVA, by her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. This is the case of the pregnant postal worker who was fired for being with child before she even could ring once, let alone twice.

2. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), New York State Human Rights Law, New York State Executive Law, § 296 ("NYSHRL"), et seq., and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), et. seq. ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated and retaliated against by her employer due to her pregnancy, gender (female), as well as her request for reasonable accommodation of her pregnant condition, and ultimately terminated by her employer solely for these unlawful reasons.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

4. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state and city law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as Defendants reside within the Eastern District of New York and the acts complained of occurred therein.

## PROCEDURAL PREREQUISITES

6. By (a) timely filing an Individual Complaint with Defendant UNITED STATES POSTAL SERVICE ("USPS") on June 17, 2016; (b) receiving a Final Agency Decision from the United States Equal Employment Opportunity Commission ("EEOC") on August 14, 2018; (c) commencing this action within 90 days of the issuance of the Final Agency Decision by the EEOC; and (d) contemporaneously with the filing of this Complaint, having mailed a copy of the Complaint to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of Section 8-502 of the New York City Administrative Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action.  A copy of the Final Agency Decision is annexed hereto as Exhibit A; a copy of the transmittal letter to the NYCCHR, *et ano.*, is annexed hereto as Exhibit B.

## PARTIES

7. At all times relevant hereto, Plaintiff SVETLANA SHKOLNIKOVA ("SHKOLNIKOVA") is a resident of the State of New York and County of Brooklyn.

8. At all times relevant hereto, Defendant USPS is a Federal Government Agency existent pursuant to Untied States Constitution and the laws thereunder, maintaining offices all over the country.

9. In regards to the present matter, Defendant USPS maintains a "Homecrest" station located at 2370 East 19th Street, Brooklyn, NY 11235.

10. At all times relevant hereto, Plaintiff SHKOLNIKOVA was an employee of Defendant USPS.

11. At all times relevant hereto, Defendant ADELA LIVINGSTON ("LIVINGSTON") was an employee of Defendant USPS, holding the position of "USPS Area Manager."

12. At all times relevant hereto, Defendant LIVINGSTON was Plaintiff SHKOLNIKOVA's supervisor and/or had supervisory authority over Plaintiff. Defendant LIVINGSTON had the authority to hire, terminate, and affect the terms and conditions of Plaintiff SHKOLNIKOVA's employment or to otherwise influence the decision maker of same.

13. Defendant USPS and Defendant LIVINGSTON, are collectively referred to herein as "Defendants."

## MATERIAL FACTS

14. In or about February 6th, 2016, Plaintiff SHKOLNIKOVA was hired by Defendant USPS for the position of "City Carrier Assistant," earning approximately $16.00 an hour. At the time of her hiring, Plaintiff was 24 weeks pregnant, clearly showing signs of such, and the Defendants were on notice of her pregnancy.

15. Upon information and belief, the individual who interviewed the Plaintiff SHKOLNIKOVA for the position was on notice that the Plaintiff was pregnant.

16. In or about February 16th, 2018, following a week of training, Plaintiff SHKOLNIKOVA

3

was sent to work at the Homecrest Station (hereafter "Homecrest") located at 2370 19th Street, Brooklyn, NY 11235 for "on-the-job" training, whereupon she met the Station Supervisor, Steven Smerling, as well as the Area Manager, Defendant LIVINGSTON to receive her assignment. The Plaintiff informed both the Station Supervisor and Area Manager that she was pregnant as well as mentioned her due date. Defendant LIVINGSTON assigned the Plaintiff SHKOLNIKOVA to the Bay Street Station (hereafter "Bay Street") located at 2628 East 18th Street, Brooklyn, NY 11235 to report on Wednesday February 17th, 2016 for the on the job training.

17. On or about February 18th, 2016, the Plaintiff SHKOLNIKOVA was given a letter of advisory by her OB-GYN Dr. Saul R. Stromer, stating that she was to be placed on restricted/limited/light duty due to her physical condition. Contained within this letter was the limitation that the Plaintiff SHKOLNIKOVA was not to lift any heavy objects nor push/pull anything heavy as it may cause harm to her health or health of her unborn child. Plaintiff SHKOLNIKOVA was informed by her doctor to present the letter to her employer.

18. On or about February 19, 2016, Plaintiff SHKOLNIKOVA was told by the supervisor of Bay Street, Ms. Linda Robinson to report back to the Homecrest location following her training at 7:30 A.M. the following morning.

19. On or about February 22nd, 2016, Plaintiff SHKOLNIKOVA presented her letter of advisory from her doctor to the Area Manager at Homecrest, Defendant LIVINGSTON. Plaintiff SHKOLNIKOVA was then informed by another supervisor at the Homecrest location to report in on Tuesday, February 23rd, 2016.

20. On February 23rd, 2016, Plaintiff SHKOLNIKOVA reported to work at the Homecrest

4

location whereupon the Station Supervisor, Mr. Smerling, informed her that there was no work for her to do. Mr. Smerling further informed the Plaintiff SHKOLNIKOVA that this decision was on the direct orders of Defendant LIVINGSTON.

21. Plaintiff SHKOLNIKOVA thereupon filed a grievance with the National Association of Letter Carriers (hereafter "NALC"), the national labor union for postal workers seeking redress for violation of the employment contract she had signed.

22. Specifically, Plaintiff SHKOLNIKOVA grieved under the provision that guaranteed at a minimum four hours of work when an employee reports to work on time.

23. Plaintiff SHKOLNIKOVA was then informed by Mr. Sterling that she needed to provide further detailed documentation concerning the limitations that her doctor proscribed in his initial letter of advisory.

24. On or about February 24th, 2016, Plaintiff SHKOLNIKOVA obtained a second letter from her doctor stating: "Please be informed that my patient Mrs. Svetlana Shkolnikova is currently pregnant, and her expected due date of delivery is 5/31/2016. I have advised my patient to modify her work duties no heavy lifting she can only lift up to 10 pound and no using stairs."

25. On or about February 24th, 2016, Plaintiff SHKOLNIKOVA provided the letter to a Ms. Lin (first name unknown) who stated that she would deliver the letter to Defendant LIVINGSTON.

26. On or about February 25th, 2016, Plaintiff called the Homecrest location in the evening seeking out her weekly schedule, and she was told by a Mr. Middleton (first name unknown), another supervisor, to report to work at 10:30 A.M. on February 29th, 2016.

27. On or about February 29th, 2016, Plaintiff SHKOLNIKOVA reported to the Homecrest

location at the appropriate time and met with Station Supervisor Smerling for her job assignment whereupon he asked her why she was there and proceeded to not give her a job assignment.

28. At this point in time, Plaintiff SHKOLNIKOVA met with Defendant LIVINGSTON concerning the doctor's letter, which Defendant LIVINGSTON refused to honor, requesting a more thorough detailed description from the doctor.

29. Thus, Defendant LIVINSTONG sent the Plaintiff SHKOLNIKOVA home, once again, violating her employment contract regarding the four-hour minimum.

30. On or about March 1st, 2016, Plaintiff SHKOLNIKOVA reported for driving training at the "Two-Ton-Truck" driving course and completed six hours of training. Following the completion of her driving training, Plaintiff SHKOLNIKOVA returned to the Homecrest location to present her certification for truck driving, only to find out once again, that she was not scheduled to work that day.

31. On or about March 8th, 2016, Plaintiff SHKOLNIKOVA presented a third note from Dr. Stromer, dated March 7th, 2018, where he made notations regarding all the information sought by Defendant USPS regarding her limitations.

32. Plaintiff SHKOLNIKOVA again provided the letter to Station Supervisor Smerling, who stated that he would send the letter to Defendant LIVINGSTON, who would contact her regarding such, as well as her future schedule.

33. At no point thereafter did Defendant LIVINGSTON reach out to Plaintiff SHKOLNIKOVA. As a result, the Plaintiff SHKOLNIKOVA lost significant work hours.

34. Indeed, from in or about March 9th, 2016, through in or about March 16th, 2016, in an

effort to continue gainful employment, Plaintiff SHKOLNIKOVA attempted to locate Defendant LIVINGSTON and speak to her in person by visiting postal service stations that she knew Defendant LIVINGSTON frequented but was unsuccessful in meeting her.

35. At no point in any letter provided by Dr. Stromer was it recommended that Plaintiff SHKOLNIKOVA's work hours be reduced; indeed, the doctor's letters only spoke to her physical limitations regarding heavy duty.

36. Each and every time Plaintiff SHKOLNIKOVA called the Homecrest location, Defendant LIVINGSTON was "not around" and Mr. Smerling essentially ignored all of Plaintiff SHKOLNIKOVA's requests for a schedule.

37. On or about March 10th, 2016, Plaintiff SHKOLNIKOVA filed an informal complaint with the USPS EEO Office.

38. On or about March 16th, 2018, Plaintiff SHKOLNIKOVA was called by Mr. Timothy Lawson, the manager of the Midwood Station (hereafter "Midwood") to inform her that she was to be retrained at the Bay Street location from March 17th through March 19th, 2016.

39. Plaintiff SHKOLNIKOVA subsequently completed all requisite training, yet was left in a similar position, awaiting a phone call for her schedule, which never came.

40. Plaintiff SHKOLNIKOVA then contacted the Homecrest location following her training and was told to stay home until further notice. It was at this point that the Plaintiff realized she was being discriminated against for her pregnant status.

41. Thus, following her completion of retraining on March 19th, 2016, Plaintiff never once received any working hours.

42. On or about March 25th, 2016, Plaintiff SHKOLNIKOVA attended a hearing with

  Defendant USPS's "Reasonable Accommodation Committee." During this hearing, Plaintiff SHKOLNIKOVA once again presented all of her doctor's letters, and requested a reasonable accommodation in the form of a short-term transfer to a job that did not require her to lift, push, and pull excessive weight until after she gave birth.

43. On or about April 2016, Plaintiff SHKOLNIKOVA received notice that her request to the reasonable accommodation committee was denied.

44. On or about June 2nd, 2016, Defendant USPS sent a letter to Plaintiff SHKOLNIKOVA informing her that she had, in fact, been terminated.

45. On or about June 3rd, 2016, Plaintiff SHKOLNIKOVA received a letter from Darrell K. Ahmed, an EEO ADR Specialist for Defendant USPS giving her a right to file a formal complaint.

46. On or about June 17th, 2016, Plaintiff SHKOLNIKOVA filed a formal complaint against Defendant USPS.

47. On or about August 14th, 2018, Plaintiff SHKOLNIKOVA received a decision from the EEOC stating that "after carefully considering the entire record…the evidence does not support a finding that the complainant was subjected to discrimination as alleged. Consequently, this complaint is now closed with a finding of no discrimination." It is at this point, following the use of all appropriate channels, that Plaintiff SHKOLNIKOVA seeks redress in the United States District Court for the Eastern District of New York.

48. Upon information and belief, Defendants terminated Plaintiff SHKOLNIKOVA's employment solely because of Plaintiff's pregnancy, and any other reason supplied was and is merely pretextual.

49. But for the fact that Plaintiff was pregnant and female, Defendants would not have

terminated Plaintiff's employment.

50. Plaintiff feels offended, disturbed, and humiliated by the blatantly unlawful and discriminatory termination.

51. Plaintiff has been unlawfully discriminated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

52. Plaintiff's performance was, upon information and belief, above average during the course of her employment with Defendants.

53. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

54. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

55. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

56. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

57. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION AND RETALIATION UNDER TITLE VII
### (Not Against Individual Defendant)

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendant USPS. Plaintiff complains of Defendant USPS's violation of Title VII's prohibition against discrimination and retaliation in employment based, in whole or in part, upon an employee's pregnancy and gender (female).

60. Defendant USPS engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e, et seq., by discriminating and retaliating against Plaintiff because of her pregnancy and gender (female), as well as her request for reasonable accommodation of her pregnant condition.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATIONAND RETALIATION
## UNDER NEW YORK STATE LAW

61. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. Executive Law § 296 provides that:

> 1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in

      compensation or in terms, conditions or privileges of employment."

63. Defendants engaged in unlawful employment practices by discriminating and retaliating against the Plaintiff because of her pregnancy and gender (female), as well as her request for reasonable accommodation of her pregnant condition.

## AS A THIRD CAUSE OF ACTION
## UNDER NEW YORK STATE LAW AIDING AND ABETTING

64. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. New York State Executive Law § 296(6) provides that it shall be an unlawful employment practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

66. Defendants engaged in unlawful employment practices in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory or retaliatory conduct.

## AS AN FOURTH CAUSE OF ACTION FOR DISCRIMINATION AND RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

67. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68. The New York City Administrative Code §8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

69. Defendants engaged in unlawful employment practices in violation of the New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory and retaliatory working conditions, and otherwise discriminating against Plaintiff because of her pregnancy and gender (female), as well as her request for reasonable accommodation of her pregnant condition.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

70. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71. The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

72. Defendants engaged in unlawful employment practices in violation of New York City Administrative Code § 8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### JURY DEMAND

73. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. seq., the New York State Human Rights Law, New York State Executive Law, § 296 et. seq., and the New York City Human Rights Law, New York City Administrative Code, §8-107 et. seq., in that Defendants discriminated against Plaintiff on the basis of her pregnancy and gender (female),

        as well as her request for reasonable accommodation of her pregnant condition;

B.     Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.     Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.     Awarding Plaintiff punitive damages;

E.     Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F.     Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
       November 9, 2018

                                        **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**

By: _____
Parisis G. Filippatos (PF1593)
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
T: (212) 248-7431
F: (212) 901-2107
pfilippatos@tpglaws.com